IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHERYL ANN RAFFILE,

        Plaintiff,

vs.                                                                     No. CIV 11-0459 JB/WPL

EXECUTIVE AIRCRAFT MAINTENANCE,
a/k/a COPPER STATE TURBINE ENGINE
COMPANY; BARRON THOMAS
SCOTTSDALE, LLC; STEVEN W.
SAUNDERS; and DOES 1-50, Inclusive,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Letter from Lisa C. Ortega to the Court

(dated December 19, 2011), filed December 19, 2011 (Doc. 39)("Proposed Final Judgment");

(ii) Plaintiff Sheryl Ann Raffile's Application and/or Motion to Transfer Action to District Court

of Arizona in Lieu of Dismissing Defendants Executive Aircraft Maintenance and Steven W.

Saunders, filed December 20, 2011 (Doc. 32)("Motion"). The Court held a hearing on February 6,

2012. The primary issues are: (i) whether the Court should enter a final judgment under rule 54(b)

of the Federal Rules of Evidence on the dismissals of Defendants Executive Aircraft Maintenance

and Steven W. Saunders for lack of personal jurisdiction in the Amended Memorandum Opinion

and Order, filed December 3, 2011 (Doc. 30)("MOO"), finding that the Court lacks personal

jurisdiction over Executive Aircraft and Saunders; and (ii) whether the Court should transfer the

remaining case to the United States District Court for the District of Arizona. The Court will deny

the request for entry of the Proposed Final Judgment and will grant in part and deny in part the

Motion. The Court will order the case transferred to the District of Arizona, because that court

appears to be a more convenient forum for the remaining parties and is where Plaintiff Sheryl Ann Raffile wishes to prosecute her claims.  Because entry of a rule 54(b) final judgment does not provide the parties with any tangible benefit, the Court will deny the request to enter final judgment.

**FACTUAL BACKGROUND**

Executive Aircraft is an Arizona corporation, with its principal place of business in Arizona. See Affidavit of James Nordstrom ¶ 5, at 1 (executed May 27, 2011), filed June 1, 2011 (Doc. 4)("Nordstrom Aff.").  Executive Aircraft provides "certain aircraft maintenance and inspection services in Arizona."  Nordstrom Aff. ¶ 6, at 1.  Saunders is a resident of Nevada.  See Complaint for Damages for Personal Injuries Based on Strict Product Liability; Failure to Warn; Negligence ¶ 4, at 2, filed May 31, 2011 (Doc. 1-1)("Complaint").  Defendant Barron Thomas Scottsdale, LLC is a limited liability company with its principal place of business in Scottsdale, Arizona.  See Complaint ¶ 3, at 2.

On June 2, 2009, Christopher Morrell, a non-party and Connecticut resident, contracted with Executive Aircraft in Arizona to perform inspection and maintenance/repair services in Arizona on a Beechcraft model 35-A33 Bonanza aircraft.  See Affidavit of James Butler ¶¶ 6-8, at 1 (executed June 1, 2011), filed June 1, 2011 (Doc. 4); Contract between Executive Aircraft Maintenance and Chris Morrell at 1, filed June 1, 2011 (Doc. 4).  Executive Aircraft performed the inspections, service, and repairs in Glendale, Arizona, and completed them on July 7, 2009.  See Nordstrom Aff. ¶¶ 12,14 at 2.  Morrell purchased the aircraft on July 9, 2009, from Saunders through Barron Thomas, an aircraft broker company located in Scottsdale, Arizona.  See Complaint ¶¶ 3-4, 19-20 at 4, 6.  See also Answer of Barron Thomas Scottsdale, LLC ¶¶ 7-8, at 5, filed April 11, 2011 (Doc. 12, Ex. A)(stating that "Defendant Thomas admits that he was the individual that sold the subject aircraft to Mr. Christopher Morrell" and that "the previous owner of the aircraft was Steven

Saunders"). On July 10, 2009, Morrell was piloting the aircraft when it lost power and crashed near Las Vegas, New Mexico. See Complaint ¶¶ 10-12, at 5.

Plaintiff Sheryl Ann Raffile is a Connecticut resident who was a passenger in the aircraft when it crashed. See Complaint ¶¶1, 10, at 1, 5. She contends that Executive Aircraft failed to "exercise reasonable care in the testing, inspection, and maintenance of all component parts of the aircraft," Complaint ¶ 38, at 8, and that all of the Defendants failed to adequately warn Morrell about certain defects in the aircraft that made it "not capable of sustaining airworthy flight," Complaint ¶ 31, at 6. She also bases her claims on the theory of strict product liability. See Complaint ¶¶ 23-24, at 4-5.

## PROCEDURAL BACKGROUND

Raffile filed her lawsuit in New Mexico state court. See Doc. 1-1. Executive Aircraft timely removed the case to federal court based on diversity jurisdiction. See Notice of Removal by Executive Aircraft Maintenance ¶ 15, at 4, filed May 31, 2011 (Doc. 1). Executive Aircraft and Saunders challenged the Court's personal jurisdiction over them. See Defendant Executive Aircraft Maintenance's Motion to Dismiss for Lack of Personal Jurisdiction, filed June 1, 2011 (Doc. 4); Defendant Steven W. Saunders' Motion to Dismiss for Lack of Personal Jurisdiction, filed June 16, 2011 (Doc. 12-1). On December 2, 2011, the Court filed its MOO finding that the Court lacks personal jurisdiction over Executive Aircraft and Saunders. See Doc. 30 at 1. Accordingly, the Court dismissed Raffile's claims against Executive Aircraft and Saunders. See MOO at 24.

On December 19, 2011, Executive Aircraft submitted to the Court its Proposed Final Judgment. See Doc. 39. The Proposed Final Judgment would dismiss the claims against Executive Aircraft and Saunders "in their entirety" and enter final judgment on those claims in favor of those defendants. Proposed Final Judgment at 1.

On December 20, 2011 Raffile filed her Motion.  <u>See</u> Doc. 32.  She asks that the Court, pursuant to 28 U.S.C. § 1631, transfer this action to the District of Arizona, "as opposed to having the court issue judgments formally dismissing Executive Aircraft Maintenance ('EAM') and Steven W. Saunders ('Saunders') from the action per this court's earlier ruling that it lacks personal jurisdiction over them."  Motion at 1.  Raffile states that, although she "has the opportunity to re-file her claims in Arizona, plaintiff submits that the interests of justice will be better served by a transfer."  Motion at 3.  She asserts that her concern "is a potential challenge by the [Defendants] to a subsequent action that she files in Arizona, which challenge would be based on [the] statute of limitations."  Motion at 3.  She argues that transferring the case would protect her from any potential issue relating to the expiration of any statute of limitations.  <u>See</u> Motion at 4.  She represents that more than two years have passed since the date of the accident and that she believes Arizona has a two-year period of limitations.  <u>See</u> Motion at 4.

On December 27, 2011, Saunders filed Defendant Steven W. Saunders' Response to Plaintiff Sheryl Ann Raffile's Application and/or Motion to Transfer Action to District Court of Arizona in Lieu of Dismissing Defendants Executive Aircraft Maintenance and Steven W. Saunders.  <u>See</u> Doc. 33 ("Saunders' Response").  Saunders represents that the Court dismissed "the action" without prejudice in its MOO.  Saunders' Response at 2.  Saunders discusses two issues: (i) whether Raffile is entitled to relief from the MOO; and (ii) whether the Court should transfer the case to Arizona. <u>See</u> Saunders' Response at 2.  He asserts that Raffile has failed to ask the Court for relief from its MOO and failed to show any reason why she is entitled to relief from it.  <u>See</u> Saunders' Response at 3.  Saunders states that the "authority to transfer a case comes from 28 U.S.C. § 1631, but the court has discretion to transfer the case to another jurisdiction or dismiss it."  Saunders' Response at 3 (citing <u>Shrader v. Biddinger</u>, 633 F.3d 1235, 1249-50 (10th Cir. 2011)).  He argues that Raffile

-4-

had notice of a jurisdictional problem three months before the Arizona statute of limitations lapsed in April 2011 and that the interests of justice require a dismissal.  See Saunders' Response at 3-4. Saunders further asserts that he is not a resident of Arizona, as Raffile alleges in her Motion, but a resident of Nevada.  See Saunders' Response at 4.

On December 29, 2011, Executive Aircraft filed its Defendant Executive Aircraft Maintenance's Response in Opposition to Plaintiff's Motion to Transfer.  See Doc. 34 ("Executive Aircraft Response").  Executive Aircrafts argues that the Court "should reject Plaintiff's last-ditch effort to avoid this Court's ruling dismissing EAM and Defendant Steven Saunders ('Saunders') for lack of personal jurisdiction because it is procedurally improper and because Plaintiff's Complaint does not state a claim for personal jurisdiction over all Defendants in Arizona."  Executive Aircraft Response at 1.  Executive Aircraft asserts that the Motion is procedurally improper, because Raffile has not sought or received relief from the Court's MOO.  See Executive Aircraft Response at 3. Executive Aircraft further asserts that the Court should deny the Motion, because Raffile did not request a transfer in her briefing on the motions to dismiss.  See Executive Aircraft Response at 4. It also argues that the Court should deny the Motion because Raffile has not established that the District of Arizona has jurisdiction over Saunders.  Executive Aircraft Response at 4.  It contends that a court "must deny a transfer pursuant to 28 U.S.C. § 1631 when there are multiple defendants and the transferee court may not have personal jurisdiction over all of the defendants."  Executive Aircraft Response at 4.

On December 29, 2011, Raffile filed her Plaintiff Sheryl Ann Raffile's Reply to Defendant Steven W. Saunders' Response Regarding Plaintiff's Application and/or Motion to Transfer Action to District Court of Arizona in Lieu of Dismissing Defendants Executive Aircraft Maintenance and Steven W. Saunders.  See Doc. 35 ("Reply").  Raffile concedes that Saunders is a resident of

Nevada, but argues that there is a "strong basis for jurisdiction over Saunders in Arizona," because the aircraft was sold in Arizona.  Reply at 2.  Barron Thomas submitted no briefing on this Motion.

At the February 6, 2012 hearing, no attorney or representative entered an appearance on behalf of Barron Thomas, but the Court left a message for Barron Thomas and left the Meet-Me Conference line open if a representative wished to appear.  See Transcript of Hearing at 2:10-20 (February 6, 2012)(Court)("Tr.").[1]  The Court stated that it appears that Executive Aircraft and Saunders are no longer part of the case, because the Court ordered that the claims against them were dismissed in its MOO.  See Tr. at 3:15-16 (Court).  The Court noted that no order or judgment has been entered under rule 54(b) of the Federal Rules of Civil Procedure yet, so that order remains interlocutory.  See Tr. at 3:17-23 (Court).  The Court stated that, with only Barron Thomas left in the case as a defendant, it does not make sense for the case to remain in the District of New Mexico. See Tr. at 3:24-4:6 (Court).  The Court stated that, if it entered a rule 54(b) judgment, the judgment would, unless appealed, determine for all time whether New Mexico has jurisdiction over Executive Aircraft and Saunders.  See Tr. at 4:7-16 (Court).

Executive Aircraft then spoke in support of its Proposed Final Judgment.  It asserted that entry of final judgment is appropriate in light of the Court's MOO.  See Tr. at 5:19-25 (Ortega).  The Court stated that it appeared, if the case is transferred to Arizona, that the District of Arizona does not care whether the District of New Mexico has personal jurisdiction and the Court's MOO is no more than a historical fact.  See Tr. at 6:1011 (Court).  Executive Aircraft stated that it viewed the Motion as attempting to transfer the entire case, including claims against Executive Aircraft and Saunders, to Arizona.  See Tr. at 6:15-21 (Ortega).  The Court recognized that the claims against

---

[1]The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

Executive Aircraft and Saunders might be rejoined, but stated that, even if the Court entered a rule 54(b) final judgment, it would only ensure that they could not be sued in New Mexico. See Tr. at 6:22-7:19 (Court, Ortega). Executive Aircraft stated that it believes Arizona has jurisdiction over the case of Raffile versus Barron Thomas, but asserted that its argument was that Arizona would not have jurisdiction over Saunders. See Tr. at 7:23-8:14 (Court, Ortega). It argued that, to extent Raffile moves to transfer the entire case, then Executive Aircraft believes the Motion is an improper alternative to the rule 54(b) final judgment. See Tr. at 8:15-22 (Ortega). Executive Aircraft indicated that it would like the Court to enter a final judgment to wrap up its involvement in New Mexico. See Tr. at 9:6-7 (Ortega). Saunders stated that he took the same position as Executive Aircraft. See Tr. at 10:17-18 (Herrera). Saunders agreed that he did not object to the Court transferring the case to Arizona with the understanding that he is not longer part of the case. See Tr. at 10:23-11:9 (Herrera). He asserted, however, that he would like the Court to enter a final judgment to make clear that Saunders is not part of the case being transferred to Arizona. See Tr. at 11:18-12:3 (Racca).

Raffile stated that she did not intend to appeal the Court's determination that it does not have personal jurisdiction over Executive Aircraft and Saunders. See Tr. at 13:11-12 (Lovenkosky). Raffile further asserted that the Motion was intended to ask the Court to reconsider its prior holding and, in lieu of dismissing the defendants, transfer the case to Arizona. See Tr. at 13:15-22 (Lovenkosky). She argued that, if the transfer is not done in that manner, then she will face a statute-of-limitations challenge in Arizona. See Tr. at 13:23-14:6 (Lovenkosky). The Court asked what basis there was for reconsidering the merits of its decision and whether it was too late to transfer the entire case to Arizona, given the Court's prior holding. See Tr. at 14:7-14 (Court). Raffile admitted that there was no basis for reconsidering the merits, but stated that her first step in

Arizona will be to move to bring Executive Aircraft and Saunders back into the case through a motion to file an amended complaint. See Tr. at 14:23-15:5 (Court, Lovenkosky).  The Court asked whether the statute of limitations was tolled until the Court dismissed Executive Aircraft and Saunders on December 3, 2011.  See Tr. at 15:15-20 (Court).  Raffile stated that she believes that assertion is correct.  See Tr. at 15:21-25 (Lovenkosky).  In response to the Court's question, Raffile asserted that entry of final judgment effects her only insofar as it breaks the chain in the claims and could give rise to a statute-of-limitations issue.  See Tr. at 16:1-14 (Court, Lovenkosky).

The Court indicated that it felt comfortable transferring the case, but was unsure whether to enter a final judgment.  See Tr. at 19:17-24 (Court).  The Court indicated that, in its Memorandum Opinion and Order, the Court would recite that the Court has dismissed without prejudice Executive Aircraft and Saunders.  See Tr. at 20:9-10 (Court).

## LAW REGARDING TRANSFER OF VENUE

In 1948, Congress enacted the federal change-of-venue statute, codified at 28 U.S.C. § 1404, to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district.  That statute provides, in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Section 1404(a) affords a district court broad discretion to adjudicate motions to transfer based on a case-by-case review of convenience and fairness.  See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).  "Recognizing that what is convenient for one litigant may not be convenient for the other, the Supreme Court has taught that section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to [a] . . . case-by-case consideration of convenience and fairness."  Research Automation, Inc. v. Schrader-Bridgeport Int'l,

<u>Inc.</u>, 626 F.3d 973, 977 (7th Cir. 2010)(internal quotation marks omitted).  "The statutory language guides the court's evaluation of the particular circumstances of each case and is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice."  <u>Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.</u>, 626 F.3d at 977.  The statute permits a "flexible and individualized analysis," and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations.  <u>Stewart Org., Inc. v. Ricoh Corp.</u>, 487 U.S. at 29.

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

<u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d at 1516 (internal quotation marks omitted).  <u>See</u> <u>Tex. Gulf Sulfur v. Ritter</u>, 371 F.2d 145, 147 (10th Cir. 1967)(stating the factors that courts consider in making a venue determination under § 1404(a)).  28 U.S.C. § 1631 addresses transfer to cure want of jurisdiction and provides that when a

> court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action could have been brought at the time it was filed or noticed, and the action shall proceed as if it had been filed in or noticed for the court to which it was transferred on the date upon which it was actually filed in or noticed for the court from which it was transferred.

28 U.S.C. § 1631.  The Tenth Circuit has held that 28 U.S.C. § 1631 was "specifically designed for cases transferred from one federal court to another for lack of jurisdiction" and that it "served to simplify the process and streamline its application."  <u>Ross v. Colo. Outward Bound Sch., Inc.</u>, 822

F.2d 1522, 1527 (10th Cir. 1987).  It has held that, although many courts have interpreted 28 U.S.C. § 1406(a) to permit transfer where personal jurisdiction is lacking, the enactment of § 1631 makes such a "strained" construction "no longer necessary." Viernow v. Euripedes Devel. Corp., 157 F.3d 785, 793 (10th Cir. 1998).

The "interest of justice" is a separate element of the transfer analysis that relates to the efficient administration of the court system. Van Dusen v. Barrack, 376 U.S. at 626-27.  "For this element, courts look to factors including docket congestion and likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977 (citations omitted).  In some circumstances, "[t]he interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc., 626 F.3d at 977 (citing Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220-21 (7th Cir. 1986)).  The Tenth Circuit has interpreted the phrase "if it is in the interest of justice," in the context of § 1631, to grant a district court discretion in making the decision to transfer the action. See Driggers v. Clark, 422 F.App'x 749-50 (10th Cir. 2011)(unpublished)(citing Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006)).

## ANALYSIS

The Court will order the case transferred to the District of Arizona.  It appears relatively clear that Arizona has jurisdiction over Raffile, Executive Aircraft, and Barron Thomas, and there is an argument that it has jurisdiction over Saunders.  Moreover, Arizona is a more convenient forum for the remaining parties -- Raffile and Barron Thomas -- and is also where Raffile now wishes to

prosecute her claims.  Because entry of a rule 54(b) final judgment does not provide the parties with

any tangible benefit, the Court will deny the request to enter final judgment.          .

**I.      THE COURT WILL TRANSFER THE REMAINING CLAIMS AND CASE TO THE
         DISTRICT OF ARIZONA.**

After the Court's MOO, entered on December 3, 2011, the only parties remaining in the case

are Raffile and Barron Thomas Scottsdale, LLC.  See MOO at 24.  Although Raffile framed her

request as an alternative to dismissal, see Motion at 1, the Court has already dismissed Executive

Aircraft and Saunders from the case and Raffile has not filed a motion to reconsider.  Indeed, she

concedes that there is no basis for reconsideration and that she will not appeal. See Tr. at 14:23-15:5

(Court, Lovenkosky); id. at 13:11-12 (Lovenkosky).  Accordingly, the Motion concerns only the

case between Raffile and Barron Thomas.

28 U.S.C. § 1404(a) provides: "For the convenience of the parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where

it might have been brought."  28 U.S.C. § 1404(a).  28 U.S.C. § 1631 provides that a when a "court

finds that there is a want of jurisdiction, the court shall, if it is in the interests of justice, transfer such

action or appeal to any other such court in which the action or appeal could have been brought at

the time it was filed or noticed."  28 U.S.C. § 1631.  The Tenth Circuit has recognized that transfer

is a discretionary option under 28 U.S.C. § 1631 "that should be considered to cure deficiencies

related to personal jurisdiction."  Shrader v. Biddinger, 633 F.3d 1235, 1249 (10th Cir. 2011).

Raffile represents that Barron Thomas is an Arizona corporation with its principal place of business

in Scottsdale.  See Complaint ¶ 3, at 2.  Furthermore, Raffile asserts that Barron Thomas sold the

aircraft to Morrell in Arizona.  See Reply at 2.  It thus appears that the District of Arizona has both

specific and general personal jurisdiction over Barron Thomas.  See Walker v. THI of N.M. at

Hobbs Ctr., 801 F.Supp.2d 1128, 1138 n.7 (D.N.M. 2011)(Browning, J.)(stating that to prove specific jurisdiction a plaintiff must show that his or her injuries arise out of or relate to the defendant's purposeful activities in the forum state, and that to prove general jurisdiction a plaintiff must show that the defendant had continuous and systematic contracts with the forum state). Barron Thomas has not entered an appearance to oppose the Motion. Executive Aircraft and Saunders opposed the Motion only to the extent that Raffile asked the Court to transfer any claims against them in lieu of dismissal. See Tr. at 8:15-22 (Ortega); id. at 10:23-11:9 (Herrera). Thus, no party opposes transferring the remaining case to the District of Arizona. Arizona would appear to be a more convenient jurisdiction for Barron Thomas, and Raffile now prefers to be there. Thus, for the current case, Arizona appears to be the most appropriate forum, and not the current jurisdiction.

No defendant appears to have meaningful contacts with New Mexico. Barron Thomas is not a resident of New Mexico. Additionally, because the claims against Barron Thomas Scottsdale, LLC relate to a transaction that occurred in Arizona, it is likely that much of the evidence and witnesses related to the transaction, any inspections performed, and the safety of the aircraft when sold would be in Arizona. See Complaint at 4-9. Raffile has indicated that she now wishes to litigate her claims in Arizona, see Motion at 1, and, to the extent possible, a plaintiff should be the master of her choice of forum, see Diaz v. City of Tucumcari, No. 11-0090, 2011 WL 6830410, at *26 (D.N.M. Dec. 19, 2011)(Browning, J.). Transferring the case will also give Raffile the opportunity to amend her complaint or move to rejoin Executive Aircraft and Saunders, because the Court dismissed the claims against those defendants without prejudice based on a lack of personal jurisdiction. See MOO at 24. It appears that Arizona has better grounds for jurisdiction over Executive Aircraft, because Executive Aircraft inspected and repaired the plane there, and there is an argument to be made that Arizona has jurisdiction over Saunders as well. In any case, this case

and all possible Defendants appear to have more connections to Arizona than New Mexico, and it may be that transferring the case will permit Raffile to cure the jurisdictional defect.  See 28 U.S.C. § 1631 (providing that, if a court finds that "there is a want of jurisdiction," the court should transfer the action to "any other such court in which the action or appeal could have been brought at the time it was filed or noticed").[2]  Because Raffile wishes to transfer her case to Arizona and no party objects to the transfer, with the understanding that the case no longer includes Executive Aircraft or Saunders, the Court finds that it would be more convenient and in the interests of justice to transfer the case to the District of Arizona.  See 28 U.S.C. § 1404(a); 28 U.S.C. § 1631.

## II.    THE COURT WILL NOT ENTER A RULE 54(b) FINAL JUDGMENT BEFORE TRANSFERRING THE CASE.

Rule 54(b) provides that:

> When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or other decision, however designated that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  The Court's MOO dismissed without prejudice the claims and case against Executive Aircraft and Saunders.  See MOO at 24.  The Court has not, however, entered a final judgment pursuant to rule 54(b).  At the hearing, Executive Aircraft and Saunders agreed that, if Raffile did not appeal the Court's MOO, a rule 54(b) final judgment gets them very little.  See Tr.

---

[2]The worst case scenario for Raffile appears to be that she might not be able to sue Saunders in Arizona, and it may be that no one jurisdiction have personal jurisdiction over all the possible Defendants.  That possibility, if present here, does not undermine the Court's analysis, because Arizona still appears to be the best forum for the case, even if not perfect.

at 7:5-8 (Court, Ortega); <u>id</u>. at 12:17-20 (Racca).  Raffle subsequently represented that she did not intend to appeal the Court's MOO.  <u>See</u> Tr. at 13:11-12 (Lovenkosky).  Accordingly, because the Raffle has represented that she does not intend to appeal the Court's decision and because the Court cannot keep Raffle from amending her pleadings or filing a motion in the District of Arizona to rejoin Executive Aircraft or Saunders, a rule 54(b) final judgment does not accomplish much. Executive Aircraft and Saunders argue that a rule 54(b) judgment might make it harder for Raffle to bring them back into the case in Arizona, but the Court does not agree.  The Court's MOO only resolved personal jurisdiction in New Mexico, which will be merely a historical fact in Arizona and not important to the case going forward.  The Court does not see how it helps Executive Aircraft and Saunders for the Court to enter a final judgment on this issue.  The Court's MOO established that Executive Aircraft and Saunders are no longer parties.  While denying the rule 54(b) final judgment means that the Court's decision is interlocutory and subject to reconsideration in Arizona, the Arizona court is unlikely to reconsider the issue of personal jurisdiction in New Mexico.  Arizona may now have jurisdiction over them.  Nothing the Court can or should do can save them from that reality.  Furthermore, Raffle expressed some concerns regarding whether the statute of limitations and represents that she is trying to foreclose an argument that the statute of limitations has expired. <u>See</u> Tr. at 16:6-14 (Lovenkosky).  She argued that, if there is no rule 54(b) final judgment, then there is no break in the chain and the statute of limitations remains tolled.  <u>See</u> Tr. at 16:6-14 (Lovenkosky).  The Court will not enter a rule 54(b) final judgment, because the Court cannot find that there is "no just reason for delay."  Fed. R. Civ. P. 54(b).  Entering final judgment under rule 54(b) accomplishes little for the Defendants and may raise statute of limitations concerns for Raffle. Accordingly, the Court will deny the request to enter a rule 54(b) final judgment.

      **IT IS ORDERED** that: (i) the request in the Letter from Lisa C. Ortega to the Court (dated

-14-

December 19, 2011), filed December 19, 2011 (Doc. 39), is denied; and (ii) Plaintiff Sheryl Ann Raffile's Application and/or Motion to Transfer Action to District Court of Arizona in Lieu of Dismissing Defendants Executive Aircraft Maintenance and Steven W. Saunders, filed December 20, 2011 (Doc. 32), is granted in part and denied in part. The Court will not enter a final judgment under rule 54(b), but will transfer the remaining case, between Plaintiff Sheryl Ann Raffile and Defendant Barron Thomas Scottsdale, LLC, to the United States District Court for the District of Arizona.[3]

_____
UNITED STATES DISTRICT JUDGE


*Parties and counsel*:

Steven Errante
Lynch, Traub, Keefe & Errante, P.C.
New Haven, Connecticut

--and--

_____

[3]After the conclusion of the hearing, Raffile filed an Objection to Rule 54(b) Final Judgment Form Submitted by Defendant Executive Aircraft Maintenance. <u>See</u> Doc. 40, filed February 16, 2011 ("Raffile Objection"). Raffile objects to the form and content of the Proposed Final Judgment and reiterates her argument that the Court should not enter a rule 54(b) final judgment. <u>See</u> Objection at 1. She then submitted a proposed order in support of her Motion. <u>See</u> Letter from Donna L. Simpson to the Court (dated February 16, 2012)("Proposed Transfer Order"). On February 17, 2012, Executive Aircraft filed Defendant Executive Aircraft Maintenance's Objection to Plaintiff's Proposed Order Regarding Transfer of Action. <u>See</u> Doc. 41 ("Executive Aircraft Objection"). Executive Aircraft asserts that the Proposed Transfer Order does not accurately reflect the Court's stated inclinations at the hearing or indicate that the only remaining defendant is Barron Thomas. <u>See</u> Executive Aircraft Objection at 1. Because the Court will deny the request for a rule 54(b) final judgment, the Court will overrule the Raffile Objection as moot. Moreover, because this memorandum opinion and order discusses the concerns Executive Aircraft mentioned in its objection and because the Court did not adopt the Proposed Transfer Order, the Court will overrule the Executive Aircraft Objection as moot.

-15-

Patrick E. Bailey
Keith Lovendosky
Bailey & Partners, P.C.
Santa Monica, California

*--and--*

Turner W. Branch
Frank V. Balderrama
Branch Law Firm
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Mark G. Worischeck
Shanks Leonhardt
Sanders & Parks, P.C.
Phoenix, Arizona

*--and--*

R. Nelson Franse
Lisa Chavez Ortega
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

       *Attorneys for Defendant Executive Aircraft Maintenance*

Barron Thomas
Barron Thomas Scottsdale, LLC
Scottsdale, Arizona

       *Defendant pro se*

Jerry Daniel Herrera
Albuquerque, New Mexico

*--and--*

Greg J. Racca
Racca Law Firm
Albuquerque, New Mexico

       *Attorneys for Defendant Steven W. Saunders*

-16-